IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA L. KENT,                       )
                                    )
                Plaintiff,          )
                                    )
        v.                          )  Civil Action No. 10-284J
                                    )
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
                Defendant.          )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _13th_ day of March, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on November 29, 2007, alleging a disability onset date of June 29, 2005, due to, *inter alia*, Ehlers-Danlos Syndrome[1] and seizures.  Plaintiff's application was denied initially.  At plaintiff's request an ALJ held a hearing on November 2, 2009, at which plaintiff, represented by counsel, appeared and testified.  On November 9, 2011, the ALJ issued a decision finding that plaintiff is not disabled.  On September 29, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 43 years old at the time of the ALJ's decision and is classified as a younger person under the regulations.  20 C.F.R. §416.963(c).  She has at least a high school education and has past relevant work experience as a cashier, painter, animal caretaker and road crew worker, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

---

[1]   Ehlers-Danlos Syndrome is a hereditary collagen disorder characterized by articular hypermobility, dermal hyperelasticity and widespread tissue fragility.  The Merck Manual, p. 2381 (18th ed. 2006).

Act.  The ALJ found that although the medical evidence establishes that plaintiff suffers from a number of severe impairments including Ehlers-Danlos Syndrome, mitral valve prolapse, left midclavicular joint degenerative changes, a seizure disorder, recurrent shoulder separation, a pain disorder and an anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the sedentary exertional level but with a number of restrictions accounting for the limiting effects of her impairments.  (R. 13).  Taking into account those restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including table worker, addresser and electrical parts assembler.  Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform her past relevant work she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §1382c(a)(3)(A).  The

AO 72
(Rev. 8/82)

impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises only a single challenge to the ALJ's determination that plaintiff is not disabled, specifically, that the ALJ improperly evaluated plaintiff's credibility in regard to her allegations of debilitating pain. Upon review, the court is satisfied that the ALJ properly evaluated plaintiff's credibility and that the ALJ's credibility finding is supported by substantial evidence.

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

It is well-settled that a claimant's allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and that an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

Here, the ALJ found that while plaintiff's impairments reasonably could be expected to cause plaintiff's alleged symptoms, her statements regarding the intensity, persistence and limiting effects arising from those symptoms are inconsistent with the medical evidence and with her daily activities. (R. 15-17). In particular, the ALJ noted that a number of medical sources who examined plaintiff reported findings inconsistent with plaintiff's alleged limitations and he referenced those reports in his decision. (R. 14-15). Accordingly, the ALJ concluded that the clinical and objective findings are inconsistent with an individual experiencing totally debilitating symptomatology. (R. 15).

In assessing credibility the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence and all of the other evidence of record. 20 C.F.R. §416.929(c); see also SSR 96-7p. The ALJ adhered to the appropriate standards set forth in the regulations and SSR 96-7p and adequately explained the reasons for his credibility finding, which is supported by substantial evidence.

To the extent plaintiff suggests that the mere fact that she suffers from Ehlers-Danlos Syndrome, which by its very nature causes frequent and debilitating pain, supports her subjective complaints regarding the extent of her limitations, it is a well-established maxim of social security law that disability is not determined merely by the presence of an impairment, but by the effect that impairment has upon the individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991).   Here, although plaintiff has been diagnosed with Ehlers-Danlos Syndrome, the record simply does not support a finding that her disease results in <u>totally</u> debilitating limitations resulting in her inability to perform <u>any</u> work.

It also is important to note that while the ALJ did not find plaintiff's subjective complaints entirely credible, he did accommodate plaintiff's allegations as to the limitations arising from her impairments to the extent her allegations are supported by the medical and other evidence by limiting her to sedentary work with numerous restrictions.   (R. 13).   It is only to the extent that plaintiff's allegations are not so supported that the ALJ found them to be not credible.

Moreover, to the extent plaintiff attempts to bolster her credibility by reference to the opinions from several medical sources who suggested plaintiff is unable to work,[3] the ALJ

---

[3]   Dr. Ridella noted in a medical statement that plaintiff "can't work at any job," (R. 438), and Dr. Swansiger checked a block for "permanently disabled" on a state welfare form. (R. 313). In addition, plaintiff also refers to a letter from Dr. Valdes-Dapena recommending

expressly considered those opinions in his decision and found them not to be entitled to any significant weight because, *inter alia*, they are not supported by any clinical or objective facts and amount to unsupported conclusions on an issue reserved to the Commissioner. (R. 16-17). Although plaintiff has not challenged the ALJ's evaluation of this medical evidence, a review of the record demonstrates that the ALJ adhered to the appropriate standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions.[4]

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

---

that she apply for disability because "she is unable to work." (R. 196). However, Dr. Valdes-Dapena did not opine that plaintiff could not perform <u>any</u> work, but suggested that work is "probably not feasible for this patient <u>unless</u> physical activity is not part of the job." (<u>Id.</u>) (emphasis added).

[4] Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight to which each opinion is entitled, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d). Importantly, the opinion of <u>any</u> physician on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(e); SSR 96-5p.

cc:   Kelie C. Schneider, Esq.
      Robert Peirce & Associates, P.C.
      707 Grant Street, 2500 Gulf Tower
      Pittsburgh, PA 15219

      John J. Valkovci, Jr.
      Assistant U.S. Attorney
      200 Penn Traffic Building
      319 Washington Street
      Johnstown, PA 15901

AO 72
(Rev. 8/82)